■ MAY RICHER, Respondent, v DOLLY GROSSMAN, Defendant and Third-Party Plaintiff-Appellant. LAURANCE KAMINE et al., Third-Party Defendants-Respondents.—In an action, *inter alia,* for partition of certain real property, wherein defendant counterclaimed for an accounting of the rents and profits derived from the premises and by means of a third-party complaint requested the same relief from the third-party defendants, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County, dated March 20, 1978, which denied her motion for an examination before trial. Order modified by adding to the decretal paragraph thereof immediately after the word "denied", the following: "on condition that plaintiff and third-party defendants furnish to defendant third-party plaintiff a certified itemized statement as to the income received and expenditures made in relation to the premises for the period August 1, 1977 to the date of such statement." As so modified, order affirmed, without costs or disbursements. The statement is to be furnished within 20 days after service upon respondents of a copy of the order to be made hereon, together with notice of entry; in the event such condition is not complied with, then order reversed, without costs or disbursements, and motion granted. The notation made at the close of the deposition of the plaintiff's husband, "Examination adjourned pending examination of records by accountant", is ambiguous as to whether the deposition was to continue upon the completion of the accountant's perusal of the records. Under the circumstances, the determination by Special Term that the defendant third-party plaintiff was not entitled to further deposition of the plaintiff or her agents was not an abuse of discretion. However, we deem it appropriate that in lieu of such further deposition, the plaintiff and the third-party defendants furnish the certified

statement provided for herein. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.